UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN MARIE HARRISON,

    Plaintiff,                    Civil Action No. 14-12986

       v.                       District Judge MATTHEW F. LEITMAN
                                Magistrate Judge R. STEVEN WHALEN

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Carolyn Marie Harrison ("Plaintiff") brings this action under 42 U.S.C. §405(g) challenging a final decision of Defendant Commissioner ("Defendant") denying her applications for supplemental Security Income Benefits ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. The parties have filed cross-motions for summary judgment which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend as follows:

(1) that the case be remanded for further review pursuant to Sentence Six of 42 U.S.C. § 405(g);

(2) that pursuant to Sentence Six, the Court retain jurisdiction, and that the Commissioner be directed to file the results of the post-remand proceedings with the Court;

(3) that the pending motions for summary judgment be stayed pending completion of post-remand proceedings.[1]

## PROCEDURAL HISTORY

On December 12, 2011, Plaintiff filed applications for SSI and DIB, alleging disability as of November 13, 2009 (Tr. 112-118, 119-127). After the initial denial of the

---

[1] The fourth sentence of 42 U.S.C. § 405(g) provides that "[t]he Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *See Shalala v. Schaefer*, 509 S.Ct. 292, 303, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (a sentence four remand, allowing the court to remand for further hearing or an award of benefits, requires entry of judgment); *Melkonyan v. Sullivan,* 501 U.S. 89, 101-02, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (a final judgment must accompany a sentence four remand order); *Berkowski v. Commissioner of Social Sec.*, 652 F.Supp.2d 846, 849 (E.D.Mich.,2009) ("the remand must be made post-judgment pursuant to sentence four of 42 U.S.C. § 405(g)"); *Siuta v. Commissioner of Social Sec.*, 2009 WL 275732, *1 (E.D.Mich. 2009) ("A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand")(citing *Melkonyan, supra*).

In contrast, a remand under the sixth sentence of the same subsection (in which the district court retains jurisdiction) "does not attach to any substantive ruling but merely remands the matter for further review in light of newly discovered evidence which is to be considered by the administrative law judge and therefore does not constitute a 'judgment' from which appeal can be taken." *Melkonyan v. Sullivan,* 501 U.S. 89, 97-99, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991). The reviewing court does not grant summary judgment, but merely remands for further review. *Id*. The court "may consider the additional evidence only for purposes of determining whether remand is appropriate under the sixth sentence of 42 U.S.C. §405(g)." *Cotton v. Sullivan,* 2 F.3d 692, 696 (6th Cir. 1993). However, the court retains jurisdiction in a Sentence Six remand, and enters final judgment only "after post-remand agency proceedings have been completed and their results filed with the court." *Shalala v. Schaefer*, 509 U.S. 292, 297, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *see also Melkonyan*, 501 U.S. at 98.

applications, Plaintiff requested an administrative hearing, held January 23, 2013 in Oak Park, Michigan before Administrative Law Judge ("ALJ") Melvyn B. Kalt (Tr. 25). Plaintiff, represented by Howard Slusky, testified (Tr. 28-40), as did Vocational Expert ("VE") Harry Cynowa (Tr. 40-44). On March 19, 2013, ALJ Kalt found Plaintiff not disabled (Tr. 21). On May 27, 2014, the Appeals Council denied review (Tr. 1-4). Plaintiff filed suit in this Court on July 30, 2014.

## BACKGROUND FACTS

Plaintiff, born February 1, 1960, was 53 when ALJ Kalt issued his decision (Tr. 21, 112). She completed two years of college (Tr. 146) and worked previously as a cashier and machine operator (Tr. 146). She alleges disability due to diabetes mellitus, hypertension, hyperlipidemia, and chronic back and right shoulder pain (Tr. 145).

### A.     Plaintiff's Testimony

Plaintiff offered the following testimony:

She had not worked since November, 2009 when she was laid off due to a corporate buyout (Tr. 28). After being laid off, she applied for unemployment benefits but did not attempt to find a new job (Tr. 29).

Plaintiff underwent right wrist surgery in 1996 (Tr. 29). By the time she was laid off in 2009, she was wearing hand splints every day (Tr. 30). She experienced constant tingling and numbness of the elbow, wrist, hand, and fingers (Tr. 31). She was prone to dropping objects and required help getting out of a bathtub (Tr. 31). Her inability to grip created the

most significant limitation (Tr. 32). She was unable to lift more than eight pounds (Tr. 32). In addition to the hand problems, Plaintiff experienced "constant" right shoulder and neck pain (Tr. 33). She had not undergone an MRI (Tr. 33). Plaintiff was diagnosed with diabetes in the spring of 2010 (Tr. 33). Despite taking daily medication, Plaintiff experienced dizziness three to four times a month for around 10 minutes at a time (Tr. 34). As a result of back pain, she was unable to sit or walk for more than 30 minutes at a time (Tr. 35). She coped with back pain by taking hot baths with Epsom salts (Tr. 36). She initially denied medication side effects, but then prompted by her attorney, stated that she was not sure whether pain medications caused daytime drowsiness (Tr. 37-38). In addition to back pain, she experienced left hip pain (Tr. 38). She was no longer able to swim or skate and was not able to crochet as quickly as before (Tr. 38). She opined that she would be unable to work as a gate attendant due to the medication side effect of drowsiness (Tr. 40).

    **B.**     **Medical Evidence[2]**

    **1. Records Related to Plaintiff's Treatment**

July, 2009 treating records show elevated glucose levels (Tr. 214). Plaintiff reported using Tylenol 3 "maybe two times per week" for "multiple aches and pains" (Tr. 199). A physical examination was unremarkable (Tr. 199). In November, 2009, Rhona A. Fingal, M.D. examined Plaintiff, noting the conditions of hypertension and "lumbago" (Tr. 198).

---

[2]Medical records significantly predating the alleged onset of disability date of November 13, 2009, reviewed in full, are omitted from the present discussion.

In March, 2010, Dr. Fingal recommended "yoga and exercises for the back" (Tr. 196). Dr. Fingal's July, 2010 notes state that Plaintiff's diabetes was "poorly controlled" (Tr. 195). December, 2010 records state that Plaintiff denied fatigue and was not in acute distress (Tr. 193). In December, 2011, Dr. Fingal prescribed Vicodin, noting Plaintiff's report of lower back pain and neck/right arm pain (Tr. 190). Dr. Fingal completed a medical examination report, stating that Plaintiff required medical insurance to address the conditions of diabetes, and neck and lower back pain (Tr. 229-230). In February, 2012, Dr. Fingal again recommended yoga to address complaints of lower back pain (Tr. 188).

May, 2012 imaging studies show minimal degenerative changes of the lumbar spine and right shoulder (Tr. 260-262). October, 2012 physical therapy intake records note Plaintiff's report of level "8" pain on a scale of 1 to 10 (Tr. 263). She reported limitations in upper extremity-related functions and the inability to sit or stand for more than 30 minutes at a time (Tr. 263). In November, 2012, Sruthi Rudraeju, M.D. noted Plaintiff's report of constant neck, shoulder, and low back pain (Tr. 231). Plaintiff denied medication side effects (Tr. 231). She reported a recent diagnosis of rheumatoid arthritis (Tr. 231). She exhibited mild tenderness of the cervical spine but normal muscle strength and a full range of motion (Tr. 233). She demonstrated full muscle strength in the right upper extremity (Tr. 233).

    **2. Non-Treating Records**

In February, 2012, Florence Thomas, M.D. performed a consultative examination on

behalf of the SSA, noting Plaintiff's report of low back, right shoulder, and neck pain (Tr. 220). Dr. Thomas observed a full range of shoulder motion and the absence of muscle atrophy (Tr. 221). She noted lumbar spine tenderness but no muscular spasms or range of motion limitations (Tr. 221). Plaintiff demonstrated 5/5 strength in the lower extremities (Tr. 222). Dr. Thomas found that Plaintiff "may have difficulty with repetitive bending and heavy lifting" (Tr. 222). An x-ray of the lumbar spine found "minimal" osteoarthritis changes (Tr. 223).

### 3. Records Submitted After the ALJ's March 19, 2013 Decision

A March 17, 2013 MRI of the cervical spine showed degenerative disc disease at all levels but no spinal cord abnormality (Tr. 275). The study showed "possible" impingement of the nerve root at C7 (Tr. 275). The same day, an MRI of the lumbar spine showed "likely" nerve root impingement (Tr. 276).

### C. Vocational Expert Testimony

VE Harry Cynowa classified Plaintiff's prior work as a packager/assembler as unskilled at the medium exertional level; production assembler, unskilled/light; and packer inspector, unskilled/light[3] (Tr. 41). The VE stated that if Plaintiff's testimony were fully

---

[3] 20 C.F.R. § 404.1567(a-d) defines *sedentary* work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; *light* work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds;" *medium* work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds;" and that exertionally *heavy* work "involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. *Very Heavy* work requires "lifting

credited, she would not be able to perform any of her past relevant work, due to the alleged need to lie down at unpredicted intervals (Tr. 41).

The VE found that if Plaintiff's need to lie down were limited to "authorized rest periods and at lunch," she would be capable of performing all of her former jobs (Tr. 41). He testified that the same restrictions would allow Plaintiff to perform the unskilled, exertionally light work of an information clerk (4,000 positions in the regional economy); lobby attendant or gate attendant (2,500); and hand packager (2,500) (Tr. 42). He stated that the jobs of information clerk and lobby attendant would require, at a maximum, less than 20 pounds lifting on an occasional basis (Tr. 42). He stated that all three positions included a sit/stand "at will" option (Tr. 42, 44). In response to questioning by Plaintiff's attorney, the VE stated that if Plaintiff were limited to occasional gripping, she could perform the information clerk and lobby attendant positions but not the hand packager position (Tr. 44).

### D. The ALJ's Decision

Citing the medical transcript, the ALJ found that Plaintiff experienced the severe impairments of "type 2 diabetes, anemia, hypertension, history of bilateral carpal tunnel syndrome, degenerative changes of the right shoulder, spondylolisthesis of L3 over L4, and sclerotic changes of the intervertebral disc space at L5-S1" but that none of the conditions met or medically equalled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix

---

objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more. § 404.1567(e).

1 (Tr. 15). ALJ Kalt found that Plaintiff retained the residual functional capacity ("RFC") for "light work with a sit/stand option" (Tr. 16). Citing the VE's testimony, he determined that although Plaintiff was unable to perform any of her past relevant work, she could work as an information clerk and a gate/lobby attendant (Tr. 20).

The ALJ discounted Plaintiff's allegations of limitation, noting that she "stopped working due to a business-related layoff rather than because of her impairments" (Tr. 16). He found "no evidence" supporting a "significant deterioration" of Plaintiff's condition since her layoff (Tr. 16). He found that Plaintiff's credibility was undermined by her failure to seek work after the layoff, despite that the receipt of unemployment benefits were conditioned on her promise to seek new work (Tr. 16-17).

The ALJ found that Plaintiff's admitted ability to care for her grandchildren for four hours three days a week stood at odds with the professed inability to perform exertionally light work (Tr. 17). He rejected a March, 2012 disability finding by the Department of Human Services, stating that the findings of the state agency were "conclusory, based on subjective complaints alone, and lacking in adequate analysis (Tr. 19).

## **STANDARD OF REVIEW**

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence. 42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985). Substantial evidence is more than a scintilla but less than a preponderance. It is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)(en banc). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

### FRAMEWORK FOR DISABILITY DETERMINATIONS

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she

can perform other work in the national economy. 20 C.F.R. §416.920(a). The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984).

## ANALYSIS

### A. The RFC

Plaintiff argues first that the RFC found in administrative opinion did not contain all of her relevant limitations. *Plaintiff's Brief*, 9-15, *Docket #15*. Citing SSR 96-8p, Plaintiff faults the ALJ for failing to consider her history of right shoulder problems, gripping limitations, and lower back pain. *Id.*

SSR 96–8p requires that "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . ." 1996 WL 374184 (July 2, 1996). The analysis of the physical functions is governed by § 404.1545 which pertains to "sitting, standing, walking, lifting, carrying, pushing, [and] pulling" as well as "manipulative or postural functions, such as reaching, handling, stooping or crouching." *Id.*

Contrary to Plaintiff's argument, the ALJ's finding that she could perform unskilled, exertionally light work with a sit/stand option is adequately supported and discussed (Tr. 16). As to the allegations of right shoulder problems, the ALJ acknowledged the imaging studies

showing possible tendonitis and "compromise to the rotator cuff," but noted that the absence of right shoulder tenderness at the February, 2012 consultative examination (Tr. 18, 221-222). He observed that while Plaintiff complained of left-sided CTS in 1998, it did not prevent her from performing exertionally medium work until her November, 2009 termination (Tr. 17, 249). Likewise, while the ALJ took note of the x-rays showing spurring at L2-L5, he cited the consultative examination records showing a straight back, no spasms, and the ability to stand and walk without difficulty (Tr. 18).

Further, based on the record before him, the ALJ did not err in finding that Plaintiff's allegations of limitation were undermined by her ability to care for her grandchildren, cook meals, and perform a wide range of household chores (Tr. 19). He noted that the alleged onset of disability date correlated with Plaintiff's layoff rather than a downturn in her physical condition (Tr. 16). He found that Plaintiff's receipt of unemployment benefits for two years after being laid off (requiring her to certify that she was looking for work) stood at odds with the claim that she was disabled as of the month of her termination (Tr. 16-17). *See Workman v. Commissioner of Social Sec.,* 105 Fed.Appx. 794, 801, 2004 WL 1745782, *7 (6th Cir. June 29, 2004)(*citing Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir.1983)(Claimant's collection unemployment benefits, requiring her to state that she is ready and able to work, while at the same time alleging disability can be used in support of a non-disability finding).

Because the ALJ provided a well supported rationale for the RFC, remand on this

basis is not warranted.

### B. A Sentence Six Remand

Plaintiff also argues that the March, 2013 MRIs of the cervical and lumbar spine, submitted after the March 19, 2013 administrative decision, constitute independent grounds for remand. *Plaintiff's Brief* at 15-17(*citing* Tr. 275-276).

Sentence Six of 42 U.S.C. § 405(g) states that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." Material submitted to the Appeals Council subsequent to the administrative decision is subject to a narrow review by the district court. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir.1993). The court may consider the additional evidence only for purposes of determining whether remand is appropriate under the sixth sentence of § 405(g). *Id.*

The MRIs in question are dated March 17, 2013 (Tr. 275-276). Plaintiff argument that she "could not possibly have obtained," (much less submitted) the imaging studies prior to the ALJ's March 19, 2013 determination is well taken. Accordingly, she has established "good cause" under § 405(g) for the late submission.

The question of whether the newer evidence is "material" is a closer call. To show that the newer evidence is material, the claimant "must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the

disability claim if presented with the new evidence." *Sizemore v. Secretary of Health & Human Services*, 865 F.2d 709, 711 (6th Cir.1988). The MRI of the lumbar spine, while showing possible nerve root impingement, would not be likely to change the fairly restrictive RFC limiting Plaintiff to work allowing her to change positions "at will" (Tr. 44). Plaintiff's own testimony that she was able to sit or walk for up to 30 minutes at a time suggests a lesser degree of exertional limitation than that found in the RFC (Tr. 35).

However, in contrast, the March 17, 2013 cervical spine MRI showing nerve root impingement at C7 lends credence to Plaintiff's testimony of tingling and numbness of the elbow, wrist, hand, and fingers; the inability to grip; and "constant" right shoulder and neck pain (Tr. 31-33, 275). Admittedly, the newer evidence does not directly contradict the finding that Plaintiff could perform jobs requiring "less than 10 pounds repeatedly, and less than 20 pounds occasionally" with a sit/stand "at will" option (Tr. 42, 44). However, as stated by the VE, the inability to grip for one third of the work day (occasionally) would preclude both the jobs of information clerk and gate/lobby attendant (Tr. 20, 43-44). At a minimum, the MRI of the cervical spine supports Plaintiff's claims of right upper extremity radiculopathy, thereby casting doubt on the finding that she is capable of "occasional" gripping or other manipulative functions required to perform these jobs. While the MRI does not amount to proof certain that Plaintiff is disabled, it creates a reasonable probability that upon review, the ALJ would reach a different disposition. Accordingly, a remand for consideration of the newer evidence is appropriate.

## CONCLUSION

For the reasons set forth below, I recommend as follows:

(1) that the case be remanded for further review pursuant to Sentence Six of 42 U.S.C. § 405(g);

(2) that pursuant to Sentence Six, the Court retain jurisdiction, and that the Commissioner be directed to file the results of the post-remand proceedings with the Court;

(3) that the pending motions for summary judgment be stayed pending completion of post-remand proceedings.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length

unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 20, 2015

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 20, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen