UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN MARIE HARRISON,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

Case No. 14-cv-12986
Hon. Matthew F. Leitman

**<u>ORDER (1) OVERRULING DEFENDANT'S OBJECTION (ECF #21); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #20); (3) REMANDING APPLICATIONS FOR BENEFITS FOR FURTHER PROCEEDINGS AND (4) STAYING ACTION PENDING COMPLETION OF POST-REMAND PROCEEDINGS</u>**

In this action, Plaintiff Carolyn Marie Harrison ("Harrison") challenges the denial of her applications for Social Security disability insurance benefits and supplemental security income. On May 20, 2015, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") on the parties' cross-motions for summary judgment. (*See* ECF #20.) In the R&R, the Magistrate Judge recommended that this Court (1) remand Harrison's applications to Defendant the Commissioner of Social Security (the "Commissioner") for further review based on new evidence, and (2) stay this action pending the completion of these post-remand proceedings. (*See id.* at 1-2; Pg. ID 380-381.) The Commissioner filed a timely objection to the R&R ("the "Objection"). (*See* ECF #21.) The Court has

now conducted a *de novo* review of the parts of the R&R to which the Commissioner has objected. For the reasons stated below, the Court **OVERRULES** the Objection, **ADOPTS** the R&R as the Opinion of this Court, **REMANDS** Harrison's applications to the Commissioner for further proceedings in accordance with sentence six of 42 U.S.C. § 405(g), and **STAYS** this action pending completion of these post-remand proceedings.

### RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In December 2011, Harrison filed applications for Social Security disability insurance benefits and supplemental security income. (*See* ECF #13-5 at 5-20, Pg. ID 151-166.) Harrison alleged that she was disabled, and she claimed her disability began in November 2009. (*See id.*) Harrison said she was unable to work because, among other reasons, she suffered from chronic back and right shoulder pain. (*See* ECF #13-6 at 6, Pg. ID 185.) The Commissioner initially denied Harrison's applications on March 9, 2012. (*See* ECF #13-4 at 2-9, Pg. ID 107-114.) Harrison then requested a hearing before an Administrative Law Judge to review the Commissioner's decision. (*See id.* at 10-11, Pg. ID 115-116.)

Harrison's hearing was held on January 23, 2013, before Administrative Law Judge Melvyn B. Kalt (the "ALJ"). At that hearing, the ALJ heard testimony from both Harrison and a vocational expert. (*See* hearing transcript, ECF #13-2 at 28-46, Pg. ID 63-81.) Harrison told the ALJ about her medical conditions and

explained why she believed she was unable to work. Relevant to the instant Objection, Harrison told the ALJ that she was suffering from "constant pain" from her neck down through her shoulders. (*See id.* at 34, Pg. ID 69.) Harrison also complained of numbness in her hands and an inability to grip. (*See id.* at 32-33, Pg. ID 67-68.) Harrison then told the ALJ that she hoped to have MRIs performed on her neck and shoulder, and she was "waiting for the call" from her insurance company approving her for the tests. (*Id.*) But Harrison also said that she did not believe her "insurance company [was] going to pay for [the MRIs]," and she gave no indication when or if the "call" would be coming. (*Id.*) The ALJ closed the record at the end of the hearing and told Harrison that she would receive a written decision in the mail after he reviewed the evidence and testimony. (*See id.* at 45, Pg. ID 80.)

It appears that Harrison's insurance carrier eventually did agree to pay for the MRIs. The MRIs were conducted on March 16, 2013, the results were transcribed on March 17, 2013, and the reports were printed on March 26, 2013. (*See* ECF #13-7 at 90-91, Pg. ID 316-317.) The MRIs showed, among other things, that there was "mild left foraminal stenosis," "possible impingement on the ventral nerve root of the right C7 [vertebrae]," and "likely" impingement of the "L5 [vertebrae] spinal nerve roots." (*Id.*)

3

On March 19, 2013, the ALJ determined that Harrison was not disabled – and was thus not entitled to benefits – in a written decision (the "ALJ's Decision"). (*See* ECF #13-2 at 14-22, Pg. ID 49-57.) The ALJ determined that Harrrison suffered from several "severe impairments," including "degenerative changes of the right shoulder," and "spondylolisthesis" in her back (*id.* at 16, Pg. ID 51), but he concluded that she was able to perform some available work and was therefore not disabled. (*See id.* at 21-22, Pg. ID 56-57.) The ALJ was not aware when he issued the ALJ's Decision that Harrison had the MRIs or what the results of those tests were.

Harrison thereafter requested that the Social Security Administration's Appeals Council review the ALJ's Decision. (*See* ECF #13-2 at 7-10, Pg. ID 42-45.) Harrison included in her request the results of the MRIs that were not previously presented to the ALJ. (*See* ECF #13-6 at 44, Pg. ID 223.) On May 27, 2013, the Appeals Council declined to review the ALJ's Decision. (*See* ECF #13-2 at 2-4, Pg. ID 37-39.)

On July 30, 2014, Harrison filed this action challenging the denial of benefits. (*See* Complaint, ECF #1.) Both Harrison and the Commissioner filed cross-motions for summary judgment. (*See* Harrison's Motion, ECF #15; Commissioner's Motion, ECF #18.) The Magistrate Judge then issued his R&R. As relevant to the Commissioner's Objection, the Magistrate Judge recommended

4

that the Court remand Harrison's applications to the Commissioner so that an ALJ could review the MRIs and determine if Harrison was entitled to benefits based upon the results of the MRIs (when considered in conjunction with the other evidence in the record). (*See* R&R at 12-13, Pg. ID 391-392.)

The Commissioner timely filed the Objection on June 1, 2015. (*See* ECF #17.) The Commissioner asserts that the Magistrate Judge erred when he concluded that a remand was appropriate. (*See id.*)

## GOVERNING LEGAL STANDARD

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...").

Where "substantial evidence does not support the [ALJ's] decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171,

5

176 (6th Cir. 1994). Accordingly, "a court is obligated to remand for further administrative proceedings if there are any unresolved essential factual issues." *Meehleder v. Comm'r of Soc. Sec.*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).

## ANALYSIS

As described above, the Magistrate Judge recommended that the Court remand Harrison's applications to the Commissioner for further review in light of the MRIs. Such a remand is known as a "Sentence Six" remand because the sixth sentence of the applicable statute, 42 U.S.C. § 405(g), states that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding…." It is Harrison's burden to prove that the requirements for a Sentence Six remand are met. *See Sizemore v. Sec. of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1998). Thus, to be eligible for a Sentence Six remand, Harrison must show that (1) there is "new" evidence not before reviewed by the ALJ; (2) there was "good cause" for her failure to provide the evidence to the ALJ; and (3) the evidence is "material."

6

In its Objection to the R&R, the Commissioner argues that the Magistrate Judge erred when he concluded that Harrison met the "good cause" and "material" requirements of a Sentence Six remand. The Court will now address each in turn.

### A.     The "Good Cause" Requirement

The Commissioner first objects to the Magistrate Judge's conclusion that Harrison had "good cause" for not submitting the results of the MRIs to the ALJ. (*See* ECF #21 at 5-8, Pg. ID 399-402.)  "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  The Court agrees with the Magistrate Judge that Harrison has satisfied her burden to show "good cause."

Indeed, it would be hard to imagine how Harrison would have been able to "acquire and present" the results of the MRIs in the hearing before the ALJ under the circumstances and timeline of her case. At the time of the hearing, Harrison had no idea whether she would be able to obtain the MRIs. At some later time, she obtained approval for the MRIs, but the tests did not take place until nearly two months *after* the hearing, and the results were not printed and sent to Harrison until after the ALJ determined she was not disabled and was not entitled to benefits. The following chart presents this timeline of events:

7

| | |
|---|---|
| **January 23, 2013** | ALJ holds hearing and closes record |
| **Some unknown time between Jamuary 23, 2013 and March 16, 2013** | Insurance carrier agrees to pay for MRIs |
| **March 16, 2013** | MRI examinations performed |
| **March 17, 2013** | MRI results transcribed |
| **March 19, 2013** | ALJ issues the ALJ Decision |
| **March 26, 2013** | MRI results printed and thereafter sent to Harrison |

Given Harrison's uncertainty about whether she would be able to obtain the MRIs and the medical professionals' delay in providing the results to Harrison, Harrison had good cause for not seeking to present the MRIs at the hearing.

The Commissioner argues that despite the timeline of events, Harrison cannot show "good cause" because her counsel did not ask the ALJ to keep the record open and delay making a decision until after Harrison had the MRIs. (*See* Objection at 6-7, Pg. ID 401-402.) This argument is unavailing. First, this is not a case where Harrison and her counsel "sandbagged" the ALJ, never mentioning the MRIs only to have the tests performed after an unsuccessful hearing or decision. In fact, Harrison specifically told the ALJ that she was wanted to have the MRIs. (*See* ECF #13-2 at 34, Pg. ID 69.) Second, it is not at all clear that Harrison's counsel was unreasonable for failing to ask that the record be kept open. Harrison

wanted to have the MRIs performed earlier, but at the time of the hearing, her insurance company had not approved her to have the tests. Harrison had no indication when, or if, such an approval would come. For all Harrison and her counsel knew, asking that the record be held open for 30, 60, or even 90 days may not have avoided the current circumstances in which Harrison did not receive the results of her MRIs until after the ALJ closed the record and issued his ruling.

The cases the Commissioner relies upon to establish that Harrison has not met her burden to show "good cause" are inapposite. In *Bass v. McMahon*, 499 F.3d 506 (6th Cir. 2007), the Sixth Circuit Court of Appeals held that a plaintiff had not shown "good cause" for failing to submit certain evidence to an ALJ and for failing to ask that the record be kept open following the hearing. *See id.* at 513. But unlike here, the plaintiff in *Bass* did not "detail[] any obstacles that prevented him from entering this evidence, all of which predate[d] the hearing before the ALJ." *Id.* In this case, Harrison explained to the ALJ that her insurance company had not yet approved her for the MRIs – thus preventing Harrison from having the evidence earlier – and the MRIs did not "predate[] the hearing."

Likewise, in *Curry v. Sec'y of Health and Human Services*, 856 F.2d 193 (unpublished) (6th Cir. 1988), a plaintiff sought remand to allow the ALJ to consider evidence that the plaintiff brought to the district court's attention only *after* a magistrate judge issued a report and recommendation in which the

9

magistrate suggested that the denial of benefits be affirmed. *See id.* at *1. In this case, Harrison submitted the evidence to the Appeals Council soon after she received the results of the MRIs, and well before filing this action. There is no evidence that Harrison held back the results of the MRIs just in case she received an unfavorable decision from the ALJ, the Appeals Council, or the Magistrate Judge.

     Finally, in both *Cline* v. *Comm'r of Soc. Sec.*, 96 F.3d 146 (6th Cir. 1996), and *Courter v. Comm'r of Soc. Sec.*, 479 Fed. App'x 713 (6th Cir. 2012), the Sixth Circuit concluded that the respective plaintiffs could not show "good cause" for the failure to present medical reports to an ALJ. But in both *Cline and Courter*, the reports in question were produced by *consultants* hired by the plaintiffs' attorneys after the ALJs completed the hearings. *See Cline*, 96 F.3d at 149 *Courter*, 479 Fed. App'x at 725-726. The delay in submitting the additional evidence in Cline and Courter thus had some connection to a faulty legal strategy. In sharp contrast, Harrison's *treating* physician ordered her to undergo the MRIs, and as explained above, the tests could not have been scheduled earlier because Harrison was awaiting approval from her insurance company. In sum, under the circumstances that exist here, the Court agrees with the Magistrate Judge that Harrison had "good cause" for failing to present the results of the MRIs to the ALJ.

### B.  The "Materiality" Requirement

The Commissioner also objects to the Magistrate Judge's conclusion that Harrison could satisfy the "materiality" requirement for a Sentence Six remand. (*See* Objection at 8-9, Pg. ID 402-403.) "In order for [a plaintiff] to satisfy [his] burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.

The Magistrate Judge conceded that this was a "close[] call" (R&R at 12, Pg. ID 391), but he determined that the results of the MRIs were material. Specifically, the Magistrate Judge explained that:

> The March 17, 2013 cervical spine MRI showing nerve root impingement at C7 lends credence to [Harrison's] testimony of tingling and numbness of the elbow, wrist, hand, and fingers; the inability to grip; and "constant" right shoulder and neck pain. Admittedly, the newer evidence does not directly contradict the finding that [Harrison] could perform [certain] jobs [identified by the vocational expert] [….] However, as stated by the [vocational expert], the inability to grip for one third of the work day (occasionally) would preclude [many of the identified jobs]. At a minimum, the MRI of the cervical spine supports [Harrison's] claims of right upper extremity radiculopathy, thereby casting doubt on the finding that she is capable of "occasional" gripping or other manipulative functions required to perform these jobs. While the MRI does not amount to proof certain that [Harrison] is disabled, it creates a reasonable probability that upon review, the ALJ would reach a

11

> different disposition. Accordingly, a remand for consideration of the newer evidence is appropriate.

(*Id.* at 13, Pg. ID 392.)

The Court agrees with the Magistrate Judge that while this is a close call, the balance tips in favor of Harrison and in favor of a Sentence Six remand. During her hearing before the ALJ, Harrison testified about the "constant pain" in her shoulder and her inability to grip. (*See* ECF #13-2 at 33-34, Pg. ID 68-69.) She further described her "hands" and "back" as her biggest problems. (*See id.* at 36, Pg. ID 71.) And the MRIs did show both a "possible impingement on the ventral nerve root of the right C7 [vertebrae]" (ECF #13-7 at 316) and that a "foraminal disc protrusion at L4-L5 [is] likely impinging the intradural segment of the left L5 spinal nerve roots." (*Id.* at 317.) There is a reasonable probability that the ALJ would have reached a different conclusion if he had had access to the MRIs before issuing the ALJ's Decision. The MRIs are therefore "material." The Court will thus give Harrison the opportunity to present the MRIs to an ALJ on remand.

## CONCLUSION

For the reasons stated above, **IT IS HERBY ORDERED** that:

- The Magistrate Judge's May 20, 2015, R&R (ECF #20) is **ADOPTED** as the Opinion of the Court;

- The Commissioner's June 1, 2015, Objection to the R&R (ECF #21) is **OVERRULED**;

- Harrison's applications for benefits are **REMANDED** to the Commissioner for further proceedings consistent with this Opinion; and

- This action is **STAYED** pending these post-remand proceedings.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 12, 2015

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

13